STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: J.P., H.P.-1, H.P.-2, L.P., and E.P.[1]

No. 15-0777 (Taylor County 13-JA-21, 13-JA-22, 13-JA-23, 13-JA-24, and 13-JA-25)

## MEMORANDUM DECISION

Petitioner Father T.P., by counsel Roger Curry, appeals the Circuit Court of Taylor County's June 7, 2015, order terminating his parental rights to H.P.-1, H.P.-2, L.P., and E.P., and his custodial rights to J.P. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying him a post-dispositional improvement period or in terminating his parental rights to H.P.-1, H.P.-2, L.P., and E.P. [2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2013, the DHHR filed an abuse and neglect petition alleging that petitioner abused and neglected his five children, J.P., H.P.-1, H.P.-2, L.P., and E.P. The petition also alleged that the children's mother, A.K., abused and neglected the children. Specifically, the petition alleged that the parents engaged in domestic violence in the children's presence, failed to provide the children with a safe and sanitary home, failed to assure that the children regularly attended school, failed to secure the children with proper medical and dental care, and regularly abused drugs in the children's presence.

---

[1]Two of the children have the same initials and, as such, will be identified as H.P.-1 and H.P.-2 respectively.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In April of 2014, the circuit court held an adjudicatory hearing. Petitioner stipulated that he was addicted to drugs and alcohol. Specifically, petitioner admitted to the following: that he spent a large amount of the family's resources on drugs; that the children went to school dirty and unkempt; that he failed to provide the children with proper medical and dental care; that the home was dirty and infested with fleas and bed bugs; and that he and the mother, A.C., engaged in domestic violence in the presence of the children. Following petitioner's admissions at the hearing, the circuit court granted him a sixth-month post-adjudicatory improvement period.

In December of 2014, the circuit court held a hearing and heard the *in camera* testimony of all five children. All the children testified that they observed petitioner snorting pain pills, that their home was dirty and smelled "bad," and that their pets regularly urinated and defecated in their beds. The children also testified that they did not have hot water and that the electric and water in the home was shut-off due to unpaid bills. The children also confirmed that their parents were physically and emotionally abusive to each other in their presence. Some of the children disclosed that they were ridiculed at school due to ill-fitting clothing and their poor hygiene. Petitioner also testified at the hearing and admitted that he was aware of the ridicule the children suffered due to their lack proper clothing and hygiene. Evidence presented at the hearing established that petitioner failed to comply with the terms and conditions of his improvement period, failed to participate in drug screens, and tested positive for non-prescribed drugs on multiple occasions. Petitioner also failed to complete individual therapy, the Batterer's Intervention Program, or any domestic violence services as required by his improvement period.

In May of 2015, the circuit court held a dispositional hearing. Based upon the evidence, the circuit court found that the DHHR provided petitioner with reasonable services and that petitioner failed to substantially comply with those services. The circuit court also found that there is no reasonable likelihood that petitioner will substantially correct the issues of abuse and neglect in the near future. Based upon those findings, the circuit court terminated petitioner's parental rights to H.P.-1, H.P.-2, L.P., and E.P. and terminated only his custodial rights to J.P. because the child requested that petitioner retain his parental rights. Petitioner now appeals this dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon review, we find no error in the circuit court's order denying petitioner's motion for a post-dispositional improvement period or in terminating his parental rights.

First, the court finds no merit to petitioner's argument that the circuit court erred in denying him a post-dispositional improvement period because, according to petitioner, the circuit court should "craft a relaxed approach and disposition short of termination when the case involves an addict, whose addiction remains unchecked."[3] We disagree and find that petitioner's argument ignores the evidence set forth in the record on appeal.

It is clear from the record on appeal that petitioner failed to comply with several of the terms of his post-adjudicatory improvement period. Despite petitioner's stipulations to drug abuse, domestic violence, and the neglect of his children, petitioner failed to utilize the services offered to him, minimized his drug use, and failed to make any progress toward remedying his substance abuse issues. Throughout the case, petitioner continued to use drugs, failed to submit to random drug screens, failed to call the drug testing hotline, and failed multiple drug screens for multiple types of drugs. Petitioner asserted that he was no longer using drugs but could not account for his positive drug screens. Petitioner also asserted that he did not know what service he needed to complete even though the services and conditions required by his improvement period were discussed at multidisciplinary team ("MDT") meetings and hearings. Based upon this evidence, the circuit court found that petitioner was dishonest in his assertions that he did not know which services he needed to complete and regarding his ongoing drug abuse. The circuit court also determined that petitioner failed to make substantial changes to the conditions that led to the abuse and neglect of his children, and that he continued to abuse drugs.

We have previously held that a parent's "entitlment to an improvement period is conditioned upon the ability of the parent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). In the instant case, petitioner continued to abuse drugs, failed to comply with drug screening, and failed to participate in multiple services aimed at remediating and addressing the circuit court's findings of abuse, neglect, and drug abuse. Petitioner made no efforts to address his addictions or his participation in domestic violence. We have also previously held that

> "[i]n order to remedy the abuse and/or neglect problem, the problem must
> first be acknowledged. Failure to acknowledge the existence of the problem, i.e.,

---

[3]It should be noted that petitioner did not request a post-dispositional improvement period at the dispositional hearing. Pursuant to § 49-4-610(3), "the court may grant an improvement period not to exceed six months as a disposition pursuant to section six hundred four of this article when (A) The respondent moves in writing for the improvement period, and when (B) the respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period and the court further makes a finding, on the record, of the terms of the improvement period."

the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *Id*. at 217, 640.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013). Petitioner failed to be honest regarding his ongoing drug abuse or his knowledge of the services he needed to complete to comply with his case plan. As such, it was not error for the circuit court to deny petitioner a post-dispositional improvement period.

As to petitioner's argument that the circuit court erred in terminating his parental rights, the Court finds no error. As addressed above, the evidence established that petitioner continued to abuse drugs, failed to comply with drug screening, and failed to participate in multiple services aimed at remediating and addressing the circuit court's findings of abuse, neglect, and drug abuse. Petitioner also denied abusing drugs even after returning multiple positive drug screens. Additionally, petitioner made no efforts to address his issues with domestic violence.

Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when

> "[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child."

Here, the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon the evidence outlined above. Simply put, petitioner continued to abuse drugs while refusing to participate in multiple services aimed at remediating and addressing the underlying issues of abuse and neglect. The circuit court also found that the termination of petitioner's parental rights was in the children's best interests. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As such, it was not error for the circuit court to terminate petitioner's parental rights.

4

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 7, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: February 16, 2016

**CONCURRED IN BY**:


Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II